of obtaining, an order to this effect. Consequently, I am bound to grant this motion if no other party has any interest in the fund.

While the fund should never have been created, so long as the award remains unrevoked, it must be given some effect. In the cases of Matter of Decatur Street, 196 N. Y. 286, 89 N. E. 829, 37 L. R. A. (N. S.) 281, and Matter of Schneider, 199 N. Y. 581, 92 N. E. 791, the Court of Appeals laid down the rule that opportunity should be given to the city to move to vacate the award. In the present case, the city has not only had ample opportunity to make such a motion, but the corporation counsel expressly states that such a motion would not be practicable, and it would consequently be quite useless to give such opportunity. In the case of Matter of Schneider, supra, the Appellate Division decided that the proper method of distribution of an award made under similar circumstances was to divide it proportionally among the persons assessed (see 136 App. Div. 444, 121 N. Y. Supp. 9); but the Court of Appeals, while approving the substance of the relief granted, held that this method of distribution was not correct and that this relief could be obtained only by seeking "in the first instance at least" to vacate the assessment. The Court of Appeals consequently reversed the order of the Appellate Division and granted leave to any party or the city of New York to move to set aside the award, and it provided that if such motion was not made or was denied "application may be made by either party for a rehearing in this proceeding before the same or another referee to the end that further evidence, if any, may be presented especially as to the proportionate interests, and as to the amounts assessed to and paid by the abutting owners for the improvement." I cannot concur with the apparent view of the corporation counsel that the Court of Appeals intended by the words "abutting owners" and "abutters" to include all parties assessed and that all such parties have a direct interest in the award so that no motion in the first instance to set it aside need be made, if such a procedure is impracticable, in order to allow all such parties to share in the award. In my opinion, the Court of Appeals clearly holds that an erroneous award should be set aside at any time, but that if not set aside the persons interested therein are those who owned or had a claim upon the property taken, and that distribution must be made equitably among them.

It follows that the motion must be granted. Order signed.

---

(86 Misc. Rep. 274)

### WATERMAN v. ALBANY CITY SAVINGS INST.

(Supreme Court, Special Term, Albany County. June, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 438*)—ACTIONS BY OTHERS—BRINGING IN EXECUTOR AS PARTY.

Under Banking Law (Consol. Laws, c. 2) § 250, as added by Laws 1914, c. 369, providing that, in an action against a savings bank for a deposit, any person claiming the deposit may be made a party defendant without proof of the merits of his claim, and in view of section 248, subd. 2, as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

added by Laws 1914, c. 369, providing that a savings bank shall not pay any dividend or deposit without the production of a passbook, the executor of an infant's father, having possession of the passbook, will, without proof of the merits of his claim, be made a party defendant as such executor in an action by the infant's general guardian to recover a deposit made by the father in the name of the infant or himself and payable to either or the survivor of them.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1785, 1790; Dec. Dig. § 438.*]

2. BANKS AND BANKING (§ 154*) — ACTION FOR DEPOSIT — DISPOSITION OF MONEY—DIVIDENDS.

In an action against a savings bank for a deposit claimed by a third person added as a party defendant, the money need not be paid into court to await the final determination of the action, but should remain with the bank until such final determination so as to be entitled, under the express provisions of Banking Law (Consol. Laws, c. 2) § 250, as added by Laws 1914, c. 369, to the same dividends as other deposits of the same class.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

Action by Grace E. Van A. Waterman, as guardian, etc., against the Albany City Savings Institution. Motion by defendant to substitute William E. Woollard, as executor of the will of Theodore H. Waterman, deceased, as defendant. Ordered that such executor be made a party defendant.

Ainsworth & Sullivan, of Albany for plaintiff.
John A. Delehanty, of Albany, for defendant.

CHESTER, J. [1] The action is brought to recover the amount of a deposit in the defendant savings institution, the account and deposit book being in the following form, viz.: "Howard Waldron Waterman or Theodore H. Waterman, payable to either or the survivor of them."

Said Theodore H. Waterman died on or about the 11th day of September, 1913, leaving him surviving the said Howard Waldron Waterman, who is an infant, and the plaintiff as his general guardian brings this action to secure the payment of such deposit to her as such general guardian.

William E. Woollard, as the executor of said deceased, has the deposit book in his possession, and has filed a paper with the defendant stating that he claims that such deposit belongs to the estate of said deceased and demands payment of the same. The defendant asks on this motion that he be substituted for it as defendant in the action.

Under the present Banking Law (Laws of 1914, c. 369) it is provided in section 250 that:

In "actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending may, on the petition of such savings bank * * * and without proof as to the merits of the claim, make an order amending the proceedings in the action by making such claimants parties defendant thereto."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Subdivision 2 of section 248 of said Banking Law provides that, with certain exceptions not material here, "a savings bank shall not pay any dividend or deposit * * * unless the passbook of the depositor be produced, and the proper entry be made therein at the time of the payment."

Manifestly while the executor withholds such passbook from the plaintiff she cannot produce it to the defendant for the purpose of having any entries made therein. In the claim filed by the executor with the defendant no fact is stated showing upon what the claim is based, but under the statute as it now exists the court has power to make such claimant a party without proof of the merits of the claim. It is not apparent what claim the executor can have to the fund deposited as this was, as against the survivor, to whom by the form of the deposit it is expressly made payable. I do not think under those facts the present defendant should be dismissed from the action. The claimant, however, should be brought in because he has the passbook under his control. When both are in the action as defendants, the court may proceed to determine the rights and interest of the several parties to the fund.

[2] There is no need of having the moneys in controversy paid into court to await the final determination of the action, but they should remain with the bank to the credit of the action until final judgment therein and be entitled to the same dividends as other deposits of the same class, to be paid in accordance with the final judgment. Banking Law, § 250, subd. 2.

Ordered accordingly.